NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0342n.06

No. 08-2438

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 07, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MINION CARTER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

BEFORE: MARTIN and GRIFFIN, Circuit Judges; and DUGGAN, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Minion Carter appeals the district court's application of the Sentencing Guidelines's career offender enhancement to his sentence following his plea of guilty to distribution of cocaine base. Because the government concedes that assaulting, battering, wounding, resisting, obstructing, or endangering a police officer under Mich. Comp. Laws § 750.81d(1) is not categorically a crime of violence, *see United States v. Mosley*, 575 F.3d 603 (6th Cir. 2009), we vacate Carter's sentence and remand for resentencing.

I.

In 2008, Carter pleaded guilty to distributing cocaine base. *See* 21 U.S.C. § 841(a)(1). After

_____

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

finding that Carter was a career offender, *see* U.S.S.G. § 4B1.1, the district court calculated an initial Guidelines range of 188 to 235 months, which it amended to 140 to 175 months after granting the government's motion for substantial assistance under U.S.S.G. § 5K1.1. The district court sentenced Carter to 140 months in prison.

In explaining its career-offender determination, the district court held, over Carter's objections, that Carter's two prior state court convictions for assaulting, battering, wounding, resisting, obstructing, or endangering a police officer under Mich. Comp. Laws § 750.81d(1) were crimes of violence. Carter did not object to the district court's additional conclusion that his previous conviction of breaking and entering an occupied dwelling with intent to commit larceny in violation of Mich. Comp. Laws § 750.110(1) was a crime of violence. Based upon these rulings, the district court ruled that Carter was eligible for the career offender enhancement under U.S.S.G. § 4B1.1, which applies when "(1) the defendant was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). Carter timely appealed.

II.

The single issue raised in this appeal is whether Carter's convictions under Mich. Comp. Laws § 750.81d(1) are crimes of violence for purposes of the career offender enhancement. Following briefing, the government filed a July 23, 2009, letter of supplemental authority advising

of this court's decision in *United States v. Mosley*. *Mosley* held that a violation of § 750.81d(1) was not categorically a crime of violence, but rather, "contain[ed] at least two categories–those violations, on the one hand, involving an individual who physically injures an officer because he 'assaults, batters, [or] wounds' the officer, and those, on the other hand, involving an individual who 'obstructs' an officer through 'a knowing failure to comply with a lawful command[.]'" 575 F.3d at 607 (citations omitted). Because we concluded in *Mosley* that the latter subcategory is not a crime of violence, *id*. at 607-08, we vacated Mosley's sentence and remanded the case to the district court to allow the government "to show whether the indictment, the plea agreement, the plea colloquy or 'comparable judicial record[s]' show that Mosley 'necessarily admitted' committing a crime of violence." *Id*. at 608 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). We explained that "[i]t may . . . turn out that [Mosley] was convicted for 'assault[ing]' an officer, not for failing to comply with an officer's lawful command." *Mosley*, 575 F.3d at 608.

Like *Mosley*, the district court in the present case erroneously resolved the crime of violence issue at the categorical stage under *Taylor v. United States*, 495 U.S. 575, 602 (1990), consistent with the position advocated by the government. The government admits that "[t]he record does not contain information from the types of documents that may be consulted under *Shepard* to determine what subcategory of crime was involved in [Carter's] prior resisting and obstructing conviction(s)" and "concedes that [Carter's] sentence . . . should be vacated and . . . remanded to the district court for resentencing in light of *Mosley*." (Citation omitted.) As in *Mosley*, the government on remand will have the opportunity to argue that the relevant *Shepard* documents demonstrate that one or both

of Carter's convictions under Mich. Comp. Laws § 750.81d(1) constitute a crime of violence.

III.

For these reasons, we vacate Carter's sentence and remand for resentencing.